Stitt v. Hilton.

---

John W. Stitt, appellant,

*v.*

Henry Hilton and others, respondents.

Where an answer explicitly and fully denies the grounds on which an injunction has been granted, it must be dissolved, although exceptions to other parts of the answer have been filed.

---

On appeal from a decree of the vice-chancellor, whose opinion is reported in *Stitt* v. *Hilton, 3 Stew. 579.*

*Messrs. Cortlandt & R. Wayne Parker,* for appellants.

I. The defendants are not entitled to a dissolution of the injunction unless they answer the bill fully, and all allegations and charges in it, and all interrogatories founded on and incidental to them. The rule is strictly adhered to in cases of fraud. Insufficiency of the answer is reason enough. *Vreeland* v. *N. J. Stone Co., 10 C. E. Gr. 143.*

*Gibby* v. *Hall, 12 C. E. Gr. 282; Shotwell* v. *Struble, 6 C. E. Gr. 31.* In this case the sole failure was in not answering as to value of the property conveyed.

*MacMahon* v. *O'Donnell, 5 C. E. Gr. 306.* In this case single denial was made of compound allegations.

*Morrell* v. *Randall, 2 C. E. Gr. 345,* being a denial of insolvency, with an " unless " the advances to M. & R. have made him so. Also, *Teasey* v. *Baker, 4 C. E. Gr. 61,* being a denial of making false and fraudulent representations.

The conclusion is inevitable that the conveyance was not made, as he insists, as an absolute conveyance to him, but was intended for his security, merely, and he so understood it. *The relation of debtor and creditor, in respect to the money which formed the alleged consideration of the conveyance, still existed. This, of itself, determines the character of the conveyance.*

*Sweet* v. *Parker, 7 C. E. Gr. 457.* Note that, in this case, interest is *charged, and payments made by sales, and credited.*

*Phillips* v. *Hulsizer, 5 C. E. Gr. 308.* Continuance of debt a test. The debt continues, in spite of the deed, without any note or bond. It is not extinguished or merged in a wife taken as security. *DeCamp* v. *Crane, 4 C. E. Gr. 171.*

But the first answer to be made to this paper is, that it is vitiated by the unlawful book-keeping and charges on which it is founded. It was obtained from a sick man, without reading; without giving a copy; in the form, not of an agreement, but of a statement, apology and request that the original proposition be carried out; that they should hold as security. If it means any more, it is voidable for mistake and oppression, and, in any event, subject to the account to be taken.

The result of this is, that the defendants are trustees in possession, refusing and denying their trust, and withholding an account, both of the earlier matters, in respect of which fraud is charged, and also of their dealings since the deeds. They refuse to account for the rents and profits of

Stitt *v.* Hilton.

the lands or of the mills. They are unfit to act as trustees, and cannot be trusted by this court.

It is very likely that, on a new accounting, the whole of the alleged debt will be wiped out.

The discounts and guarantee together amount to over $500,000. Whatever is false or allowed on sales to themselves is recoverable, with interest.

There is $120,000 of stock which Stewart & Co. worked up and disposed of. There are the real values of the goods sacrificed by them at auction, or bought in by themselves. There are, again, the rents and profits which they made in our mills, by manufacture carried on for twenty months, till July, 1877, in Franklin, and till after the suit in New York state.

We ask an order that the injunction be maintained, and that the complainant is entitled to proper discovery, account and relief.

*Messrs. McCarter & Keen,* for respondents.

I. The facts set up in complainant's bill, petition and affidavits are not sufficient, in law, to entitle complainant to the injunction allowed in this case.

II. The facts disclosed by the answer, in portions thereof directly responsive to the bill, show that the bill was disingenuous, and concealed from the court important facts, which, if disclosed, would have prevented the allowance of an injunction. In such a case the injunction will be dissolved, without going into the merits. *Endicott* v. *Mathis, 1 Stock. 110; Holmes* v. *Jersey City, 1 Beas. 299; Kerr on Inj. 628.*

III. The allegations of the bill tending to show that the complainant was coerced into executing the papers under which the defendants obtained the deeds, do not show such duress or fraud as will avoid the deeds. *Dolman* v. *Cook, 1 McCart. 56, 60.*

IV. The deeds executed by complainant are absolute on their face, and, unexplained, clearly entitle defendants to the possession of the land conveyed by them. If they are to be treated as given in fulfillment of the contract of October 25th, 1875, and subject to the trusts therein expressed, then, by the terms of that contract, defendants were entitled to the possession of the land.

V. The most favorable view that can be taken of complainant's case, on his own showing, is, that the deeds, although absolute on their face, are in equity but mortgages to secure the true amount due from Stitt to A. T. Stewart & Co. In that point of view it is clear that the mortgagees are entitled to the possession of the land until the debt is paid. *Price* v. *Armstrong,* 1 *McCart.* 41; *Story's Eq. Jur.* § 1017; 4 *Kent* *155; *Rev. Mortgages, p.* 701.

VI. The responsive allegations of the answer deny and overcome all the equity of the bill.

VII. The appellant, as mortgagor, has no right against the mortgagee except to redeem the mortgage. He cannot ask for a sale of the mortgaged premises, or any portion of them, to pay the debt.

VIII. The letter of complainant to defendants of December 14th, in connection with the payments made under it by defendants, operates in equity to extinguish any equity of redemption which the complainant might previously have had in the land.

The opinion of the court was delivered by

DALRIMPLE, J.

The material facts of this case will be found in the opinion of the court below. It is not necessary to restate them here. The decree below, dissolving the injunction, is affirmed, upon the single ground that the averments in the complainant's bill, on which he bases his right to an injunc-

tion, are fully denied by the answer, which is made under oath.

It appears that exceptions have been filed to the answer, and it was much criticised in the argument before this court. The exceptions, however, do not affect the matters on which it is alleged that the complainant's claim to an injunction is founded. As to them, the answer is full, and denies the equities set up. The filing of exceptions to an answer is, of itself, no objection to the dissolution of an injunction. The court will consider the exceptions only for the purpose of ascertaining whether they relate to those parts of the bill on which the injunction was awarded. The general rule is, that if the answer fully denies the equities which moved the court to grant the injunction, it will be dissolved, though there are other parts of the bill which remain unanswered. Exceptions to the answer cannot, therefore, avail the complainant on motion to dissolve an injunction on bill and answer, unless such exceptions point out a failure to answer the ground of equity on which the injunction was allowed. *Wyckoff* v. *Cochran, 3 Gr. Ch. 421; Robert* v. *Hodge, 1 C. E. Gr. 299; McGee* v. *Smith, Id. 462; Mitchell* v. *Mitchell, 5 C. E. Gr. 234.*

The rule that an injunction will be dissolved if the equity of the bill is fully denied by the answer, has its exceptions. This case has not, however, been brought within any of them. *Vide* cases cited in the opinion of the vice-chancellor, and *Firmstone* v. *De Camp, 2 C. E. Gr. 309.*

We have not now the facts fully enough before us to warrant opinion or discussion as to the conduct of either of the parties in reference to the matters in controversy between them. What may be their respective rights, upon an equitable statement of the somewhat complicated deal ings which are now the subject matter of this litigation, can only be ascertained when the pleadings and proofs are perfected. All that is now decided or necessary to say is, that this case, as now presented, comes within the general

19

rule of chancery as above stated, and the result is that already indicated, with an award of costs to respondents on this appeal.

Decree unanimously affirmed.